UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ROBERT STAATS                                                                             PLAINTIFF

v.                                          No. 5:23-cv-5195

SHERRI TULLIS; JULIE HASKIN;
CORPORAL DREW SCOTT;
AND SHAWN HOLLOWAY,
*Benton County Arkansas Sheriff*                                      DEFENDANTS

**OPINION AND ORDER**

Before the Court is Sherri Tullis's and Julie Haskin's ("Separate Defendants") motion to dismiss and brief in support. (Docs. 8, 9). Plaintiff Robert Staats responded in opposition. (Doc. 10). For the reasons given below, the motion will be DENIED.

**I.   Background**

This case arises out of a familial dispute. Mr. Staats alleges his sisters, the Separate Defendants, weaponized their father's age-related incapacity to harass and punish Mr. Staats. (Doc. 3, ¶ 8). Mr. Staats and his children lived with his father and helped manage a cattle ranch that included both Mr. Staats's and his father's cattle. *Id.* ¶ 10. In January 2020, Mr. Staats's father was diagnosed with Lewy Body Dementia. *Id.* ¶ 9. In June 2020, Mr. Staats was granted temporary guardianship of his father. *Id.* ¶ 11.

Also in June 2020, Separate Defendants retained an attorney to send a letter to Mr. Staats. *Id.* ¶ 12. That letter, sent June 1, 2020, instructed Mr. Staats his oral lease of the property where he lived was terminated, and he must move out by June 30, 2020. *Id.* Mr. Staats alleges that "in the interim, the Separate Defendants . . . had all of [their father's] and [Mr. Staats's] cattle hauled away and disposed of at auction. . . ." *Id.* ¶ 13. Mr. Staats raced to the barn to try to stop the auction, but he lost most of his cattle, buying back only five. *Id.*

On June 30, 2020, Mr. Staats returned to the property and tried to remove his belongings. *Id.* ¶ 14. There, he met Defendant Corporal Drew Scott of the Benton County Sheriff's Office. *Id.* Corporal Scott told Mr. Staats he was evicted from the property and could not be there. *Id.* Corporal Scott prevented Mr. Staats from getting his and his children's belongings. *Id.* Mr. Staats was eventually permitted to retrieve his children's belongings, which had been stored in the garage and "ravaged by rodents." *Id.* ¶ 15.

After that, Mr. Staats alleges Separate Defendants continued to weaponize the police against him. Separate Defendants repeatedly contacted the police to accuse their Mr. Staats of stealing their father's items. *Id.* ¶ 16. Mr. Staats later returned to the property to retrieve the Bill of Sale for the few cows he successfully bought back at the auction. *Id.* ¶ 17. Separate Defendants, however, had set up a camera in the barn to surveil Mr. Staats. *Id.* Separate Defendants then contacted the police and insisted Mr. Staats be criminally charged. *Id.* ¶ 18. Mr. Staats was charged with breaking and entering and criminal trespass, but those charges were later dropped. *Id.* ¶¶ 19, 20.

Mr. Staats sued Separate Defendants, Corporal Scott, and Benton County Arkansas Sheriff Shawn Holloway in Arkansas state court on June 30, 2023. (Doc. 3). Mr. Staats sued Separate Defendants for conversion and malicious prosecution. *Id.* Mr. Staats sued the Benton County Sheriff and Corporal Scott under 42 U.S.C. § 1983 for violations of civil rights and due process. *Id.* Corporal Scott and the Benton County Sheriff removed the case to this Court on November 7, 2023. (Doc. 1).

## II. Legal Standard

Separate Defendants moved to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(6). That motion is technically untimely because they had previously filed an

answer.  *See* Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made *before pleading* if a responsive pleading is allowed.") (emphasis added).  "However, a court is permitted to treat an untimely motion to dismiss pursuant to Rule 12(b)(6) as a 12(c) motion for judgment on the pleadings." *NanoMech, Inc. v. Suresh*, 2013 WL 4805692, at *2 (W.D. Ark. Sept. 9, 2013) (citing *Wescott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990)).  The distinction between these motions is "purely formal," as the same legal standard governs the motions.  *Id.*  The Court will therefore construe Separate Defendants' motion as a 12(c) motion for judgment on the pleadings.

In ruling on this motion, the Court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (quoting *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)).  "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2009).  However, "*Twombly* and *Iqbal* did not abrogate the notice pleading standard of Rule 8(a)(2).  Rather, those decisions confirmed that Rule 8(a)(2) is satisfied 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).  When, taken as true, the facts "raise a reasonable expectation that discovery will reveal evidence" to support a plaintiff's claim, the Court should deny a motion to dismiss. *Twombly*, 550 U.S. at 556.

3

### III. Analysis

Separate Defendants moved to dismiss both the conversion and malicious prosecution claims against them. The Court will address each claim in turn.

#### A. Conversion

Separate Defendants argue the statute of limitations bars the conversion claim. Under Arkansas law, the statute of limitations for a conversion claim is three years. Ark. Code Ann. § 16-56-105. Mr. Staats filed his complaint on June 30, 2023. (Doc. 3). Separate Defendants argue that Mr. Staats's conversion claim is barred because he alleges "in the interim" of June 1 and June 30, 2020, his cattle were hauled away and sold at auction. *Id.* ¶ 13. Mr. Staats counters that his complaint alleges he was deprived of access to his personal property on June 30, 2020 when Corporal Scott told him he was evicted. *Id.* ¶ 14.

Under Arkansas law, the statute of limitations for conversion of personal property begins to run when the possession becomes adverse. *Johnson v. Gilliland*, 896 S.W.2d 856, 858 (Ark. 1995). Here, Mr. Staats alleges he could not retrieve his personal property on June 30, 2020 when Corporal Scott prevented him from accessing the property. That means the possession of his personal property became adverse on June 30, 2020. He also alleges it was Separate Defendants' unlawful eviction of him which prevented him from retrieving his personal property. (Doc. 3, ¶ 24). Mr. Staats filed his lawsuit on June 30, 2023, so his conversion claim is not barred as to his personal property.

The question is closer as to Mr. Staats's cattle. Mr. Staats alleged that in the interim of June 1 and June 30, 2020, his cattle were hauled away from the property and sold at auction. Mr. Staats does not allege what specific day that occurred. The Court, granting all reasonable inferences in favor of Mr. Staats, concludes this allegation could mean the possession of the cattle

became adverse within the limitations period on June 30, 2020. If Separate Defendants believe there is evidence that shows the adverse possession of the cattle occurred outside the limitations period, they will have the opportunity to present that argument at a later stage in the litigation. In any event, the alleged conversion of Mr. Staats's other personal property occurred within the statute of limitations period, so his conversion claim would still survive the motion to dismiss.

As a final note, Separate Defendants attached evidence to their motion that supports their arguments that the cattle were sold before June 30, 2020. *See* Docs. 8-4, 8-5. The Court will not consider this evidence. "A court generally may not consider materials outside the pleadings when deciding a motion to dismiss for failure to state a claim or for judgment on the pleadings." *Greenman v. Jessen*, 787 F.3d 882, 887 (8th Cir. 2015) (citing *Porous Media Corp. v. Pall. Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)). There are some exceptions to that rule that do not apply here. To whatever extent Separate Defendants dispute Mr. Staats's allegations or believe facts omitted from the pleading preclude relief, that is a matter more appropriately addressed at the summary judgment stage after the parties have conducted discovery.

### B. Malicious Prosecution

Separate Defendants also argue that Mr. Staats cannot state a claim for malicious prosecution. To state a claim for malicious prosecution, Mr. Staats must allege "(1) a proceeding instituted or continued by the defendant against the plaintiff; (2) termination of the proceeding in favor of the plaintiff; (3) absence of probable cause for the proceeding; (4) malice on the part of the defendant; and (5) damages." *Stokes v. S. States Co-Op, Inc.*, 651 F.3d 911, 915–16 (8th Cir. 2011) (quoting *Sundeen v. Kroger*, 133 S.W.3d 393, 395 (Ark. 2003)). A malicious prosecution claim can be asserted against a private individual. *See, e.g.*, *Burkett v. Burkett*, 236 S.W.3d 563 (Ark. Ct. App. 2006) (malicious prosecution verdict affirmed in action between private parties).

Separate Defendants only challenge Mr. Staats's allegations related to the absence of probable cause.

For malicious prosecution claims, "probable cause means such a state of facts or credible information which would induce an ordinarily cautious person to believe that the accused is guilty of the crime for which he is charged." *Id.* at 569 (citing *Harold McLaughlin Reliable Truck Brokers, Inc. v. Cox*, 922 S.W.2d 327 (Ark. 1996)). If a party knows the charges he seeks to bring are false, then the party does not have probable cause to seek an arrest. *Id.* For example, during divorce proceedings, a husband swore an affidavit for his wife's arrest alleging she was not entitled to be at the marital property. *Id.* at 565. The wife was then charged with criminal trespass, but those charges were dropped. *Id.* In a later suit for malicious prosecution, the wife alleged the husband knew the criminal trespass charges were false. *Id.* The Arkansas court found this was sufficient to plead the absence of probable cause. *Id.* at 569.

Here, Mr. Staats has alleged that Separate Defendants unlawfully evicted him, lied to the police about him stealing property, and "repeatedly provided false information to law enforcement and incessantly insisted that [Mr. Staats] be charged with crimes." (Doc. 3, ¶ 28). Mr. Staats also alleged that Separate Defendants filed false reports with the Benton County Sheriff's Office. *Id.* Separate Defendants argue that Mr. Staats only alleged they lied about the stealing, and he was charged with breaking and entering and criminal trespass rather than theft. (Doc. 9, p. 5). This hair-splitting argument is not convincing. Taking Mr. Staats's allegations as true and granting inferences in his favor, Separate Defendants engaged in a pattern of lying to the sheriff's office about Mr. Staats's eviction, right to be on the property, and thefts. Mr. Staats further alleged these lies and Separate Defendants' pleas to the sheriff's office to charge him led to the charges. Because Mr. Staats alleged Separate Defendants knew the charges they sought to bring were false, these

facts are sufficient to allege an absence of probable cause. The Court will therefore not dismiss the malicious prosecution claim.

## IV. Conclusion

IT IS THEREFORE ORDERED that Separate Defendants Sherri Tullis's and Julie Haskin's motion to dismiss (Doc. 8) is DENIED.

IT IS SO ORDERED this 11th day of January, 2024.

/s/P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE